UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 6:09-0320-01**<br>**CIVIL NO. 6:13-1924** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **MARTIN VICTOR, JR.** | * | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION[1]

Pending before the undersigned for Report and Recommendation is the Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by the Federal Public Defender on behalf of petitioner, Martin Victor, Jr. ("Victor"). [rec. doc. 723]. The Government has filed a Memorandum in Opposition. [rec. doc. 752].

By this Motion, Victor seeks re-sentencing under the penalty provisions of 21 U.S.C. § 841, as amended by the Fair Sentencing Act of 2010 ("FSA"), because the FSA has recently been held applicable to defendants who committed a crack cocaine offense before August 3, 2010, who were sentenced after August 3, 2010, the effective date of the Act. *Dorsey v. United States*, - - U.S. - - , 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). The government does not contest that Victor's *Dorsey* claim under the FSA can be considered in this § 2255 Motion.

For the following reasons, the undersigned recommends that the instant petition be **DENIED**.

---

[1] The Report and Recommendation issued by the undersigned herein has been filed under seal because it is based, in part, on matters which are currently under seal. This redacted Report and Recommendation is filed in the public record after redaction of those matters still under seal.

## STATEMENT OF CLAIM

On December 9, 2009, Victor was named in a multi-count indictment. [rec. doc. 3]. On September 8, 2011, he pleaded guilty to Count One of the Indictment charging Victor with Conspiracy to Distribute and Possess with Intent to Distribute cocaine and over 50 grams of Cocaine base (crack), beginning on January 1, 2005 until December 8, 2009, in violation of 21 U.S.C. § 846 and 841(a)(1), thereby triggering a pre-FSA statutory mandatory minimum sentence of ten years (120 months) imprisonment, assuming Victor had no prior felony drug convictions. [rec. doc. 434 and 436 ].

However, because Victor had previously been convicted of at least one prior felony drug offense, the government filed an information of prior conviction, which conviction Victor admitted, thereby triggering a pre-FSA enhanced statutory mandatory minimum sentence of twenty years (240 months) imprisonment.[2] [rec. docs. 301 and 431; 21 U.S.C. § 841(b)(1)(A); *see also* rec. doc. 686, pgs. 24-25, 45-46; and 436-1 (Affidavit of Understanding of Maximum Penalty)].

In anticipation of the possible retroactivity of the FSA, in connection with Victor's guilty plea, to ensure that Victor remained subject to the enhanced twenty year statutory mandatory minimum, the parties revised the elements of the offense to reflect that the charged conspiracy to which Victor would plead guilty involved at least 5 kilograms of

---

[2] The government initially sought an enhanced penalty of life imprisonment based on two of Victor's prior felony drug convictions. [rec. doc. 301]. However, pursuant to the Plea Agreement, the government agreed to seek an enhanced penalty based on only one prior felony drug offense and, accordingly, filed an Amended Information of Prior Conviction, thereby subjecting Victor to a minimum mandatory sentence of twenty years imprisonment. [rec. docs. 431, 436].

2

cocaine and 280 grams or more of cocaine base, the required quantity of drugs under the FSA to trigger the enhanced statutory mandatory minimum sentence of twenty years (240 months) imprisonment. [rec. doc. 436-2, pg. 2; 686, pg. 11-15].

Moreover, Victor affirmed in his Affidavit of Understanding of Maximum Penalty that he understood the mandatory minimum penalty for the charged conspiracy to which he would plead guilty was the same under the Guidelines at the time of the offense and under the Guidelines as revised by the FSA, namely, twenty years (240 months) imprisonment. [rec. docs. 436-1; 686, pg. 23-25, 36-37, 46]. The sentencing court additionally advised Victor of this fact. [*Id*.; rec. doc. 686, pg. 12-13].

Further, by Stipulated Factual Basis, and in open court, Victor also admitted that throughout the course of the conspiracy he manufactured and distributed at least 4.5 kilograms of cocaine base, more than sufficient to subject him to the enhanced twenty year mandatory minimum sentence as amended by the FSA. [rec. docs. 436-2, pg. 5; 686, pg. 22].

The United States Probation Office prepared a Pre-Sentence Investigation Report ("PSI") utilizing the November 1, 2010 edition of the United States Sentencing Commission Guidelines, and the November 1, 2010 Supplement to the 2010 Guidelines Manual which contains the Sentencing Commission's emergency amendments implementing the FSA. [rec. doc. 664, ¶ 30]. The PSI noted that the applicable statutory penalty, whether based on the pre-FSA law or the FSA, was twenty years to life due to Victor's prior felony drug conviction. [rec. doc. 664, pg. 1; *see also Id*. at ¶ 107].

The PSI determined that Victor should be held accountable at sentencing for 42 kilograms of cocaine base [*Id.* at ¶ 32], that his total offense level was 40 (base offense level of 38, plus a two level increase for maintaining a premises to manufacture/distribute controlled substances, plus a three level increase for his role as a manager or supervisor, less a three level decrease for acceptance of responsibility) [*Id.* at ¶ 32, 33, 35, 38, 39] and that his criminal history placed him in Category V [*Id.* at ¶ 56], which under the amended Guidelines established a Guidelines range of 360 months (30 years) to life imprisonment. [*Id.* at ¶ 108]. The PSI also reflects that because the government had moved for a sentencing enhancement as a result of Victor's prior felony drug conviction, the statutory mandatory minimum was 20 years imprisonment. [*Id*. at ¶ 107].

Victor was sentenced on July 30, 2012, after the Supreme Court had issued its June 21, 2012 decision in *Dorsey*.

**REDACTED**

Victor was sentenced on July 30, 2012. [rec. doc. 647, 688]. At sentencing, the Court noted that the Guidelines range was the same whether the 2008, 2010 or 2011 Guidelines Manual was used to determine the advisory sentencing range, 30 years to life. [rec. doc. 688, pg. 23-24]. The Court further noted that the Guidelines range was "appreciably above" the mandatory statutory minimum 20 year sentence applicable to Victor as a result of his prior felony drug offense. [*Id.* at 26-27].

**REDACTED**

Noting that Victor was responsible for 42 kilograms of crack, his lengthy criminal history (which was mostly drug related) and the fact that the government chose only to request enhancement for one such prior offense, that Victor was on parole at the time of the instant offense, and that he had run a "pretty involved drug organization", as well as the fact that Victor had additional charges pending,

**REDACTED**

the Court sentenced Victor to a below Guidelines range sentence, the statutory mandatory minimum of 20 years imprisonment applicable to Victor under § 841(b)(1)(A) by virtue of his prior felony drug offense. [*Id*. at pg. 37-39, 44-45; rec. doc. 653].

Victor's conviction and sentence was upheld by the Fifth Circuit Court of Appeal on May 13, 2013. [rec. doc. 712, *United States v. Victor,* 519 Fed. Appx. 306 (5th Cir. 2013)]. In so doing, the Fifth Circuit recognized that by virtue of the amendments to the plea documents and admissions regarding those amendments during Victor's guilty plea hearing that Victor had plead guilty to a drug conspiracy involving "at least 280 grams of cocaine base" and therefore Victor's 20 year sentence was the applicable statutory mandatory minimum sentence under § 841(b)(1)(A). *Id.* at 307. The Fifth Circuit further found that the district court lacked authority to impose a lesser sentence, and that under the circumstances, any error in calculating the Guidelines sentencing range was harmless. *Id.*

The instant § 2255 motion was filed on June 18, 2013, within one year from the Supreme Court's decision in *Dorsey*.

## LAW AND ANALYSIS

Victor argues that this Court sentenced him based on the pre-FSA statutory mandatory minimum enhanced sentence of twenty years (240 months) imprisonment, instead of the statutory enhanced mandatory minimum sentence of 10 years (120 months) under the FSA applicable to crack offenses involving 50 grams or more of cocaine base.[3] He therefore seeks re-sentencing. The government opposes the Motion arguing that the statutory mandatory minimum for offenders, like Victor, involved with 42 kilograms of crack with one prior felony drug conviction under both the pre-FSA and FSA versions of the statute remains the same. Therefore, re-sentencing is unnecessary in this case. The undersigned agrees that sentencing is unnecessary, but for different reasons.

Federal statutes impose mandatory minimum prison sentences upon those convicted of some federal drug crimes. These statutes typically base the length of a minimum prison term on the kind and amount of the drug involved. Until 2010, the relevant statute imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-one-hundredth that amount of crack cocaine. *Dorsey*, 132 S.Ct. at 2327.

The Guidelines determine most drug-crime offense levels in accordance with a Drug Quantity Table that lists amounts of various drugs and associates different amounts

---

[3]Prior to the FSA, 21 U.S.C. § 841 provided that a defendant responsible for fifty grams or more of crack cocaine was subject to a mandatory minimum sentence of ten years imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii) (2009). The same statute also provided that such a defendant who had a prior felony conviction for a drug offense was subject to an enhanced mandatory minimum sentence of twenty years imprisonment. *Id.* Pursuant to the FSA, a finding of 280 grams of crack cocaine, increased from the pre-FSA quantity of fifty grams, is required to for the ten-year mandatory minimum to apply. 21 U.S.C. § 841(b)(1)(A)(iii) (2010). That ten-year mandatory minimum is enhanced to twenty years for a defendant with a prior felony drug conviction. *Id.*

with different "Base Offense Levels" (to which a judge may add or subtract levels depending upon the "specific" characteristics of the offender's behavior). *Id.* at 2327 *citing* USSG § 2D1.1. The applicable Guidelines are the ones in effect on the date the defendant is sentenced. *Id.* at 2331 *citing* 18 U.S.C. § 3553(a)(4)(A)(ii).

The federal sentencing statutes interact with the Guidelines; a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum. *Id.* at 2327 (citations omitted). Therefore, the Drug Quantity Table of the Guidelines (set forth in § 2D1.1) incorporates the statutory minimums to set a base offense level for a first-time offender that corresponds to the lowest Guidelines range above the applicable mandatory minimum, and additionally sets offense levels for smaller drug amounts that do not trigger the mandatory minimums so that the resulting Guidelines sentences would remain proportionate to those sentences for amounts that do trigger these minimums. *Id.* at 2327-2328.

On August 3, 2010, Congress enacted the FSA reducing the crack-to-powder cocaine ratio from 100–1 to 18–1. *Id.* at 2329 *citing* 124 Stat. 2372. The amount of crack triggering the 5 year mandatory sentence was changed from 5 grams to 28 grams; the trigger amount for the mandatory 10 year sentence was changed from 50 grams to 280 grams. *Id*. Thus, the FSA increased the quantity of drugs necessary to trigger the statutory mandatory minimum sentences for cocaine base ("crack") offenses from 5 grams to 28 grams for the 5 year minimum sentence under § 841(b)(1)(B), and from 50 grams to 280 grams for the 10 year minimum sentence under § 841(b)(1)(A).

7

The Act also directed the Sentencing Commission to make "conforming amendments" to the Guidelines "as soon as practicable", but no later than 90 days after the FSA effective date. *Id.* The Sentencing Commission complied, issuing "emergency amendments" to the Guidelines, including a revised Drug Quantity Table in § 2D1.1. These emergency amendments became effective on November 1, 2010 and are contained in the November 1, 2010 Supplement to the 2010 Guidelines Manual. *Id.* at 2329 *citing* 75 Fed. Reg. 66188 (2010).

In general, the applicable statutory penalty provision is determined by the date the criminal conduct is committed. *Id.* at 2331. However, on June 21, 2010, the Supreme Court held in *Dorsey* that the more lenient statutory penalty provisions of the FSA apply to defendants who committed a crack cocaine offense before August 3, 2010, who were sentenced after August 3, 2010, the effective date of the Act. *Dorsey*, 132 S.Ct. at 2331.

In this case, Victor is correct that under *Dorsey* the FSA applies to his sentence. His criminal conduct pre-dated August 3, 2010, the effective date of the Act and he was sentenced on July 30, 2012, after the effective date of the Act. He is incorrect, however, that under the FSA he would not have been subject to a twenty year enhanced statutory mandatory minimum sentence for offenders with one prior felony drug conviction.

The record is clear in this case that Victor plead guilty to a crack cocaine conspiracy involving at least 280 grams of cocaine base, a fact noted by the Fifth Circuit on direct appeal.[4]  *United States v. Victor,* 519 Fed. Appx. 306, 307 (5th Cir. 2013). Prior

---

[4] Victor does not contend that his plea was invalid or that his indictment was improperly amended. The sole issue before this Court is whether he should be re-sentenced under the FSA for the crime to which he pled guilty, a drug conspiracy involving at least 280 grams of cocaine base.

to acceptance of Victor's guilty plea, in anticipation of the possible retroactive effect of the FSA, the parties agreed to amend the amount of cocaine base set forth in the indictment from "over 50 grams" to "at least 280 grams" to ensure that Victor would be subject to the 20 year enhanced mandatory minimum sentence under § 841(b)(1)(A) as amended by the FSA. Furthermore, the Probation Office took this fact into account when issuing the PSI, noting on the first page of the Report that the pre-FSA and FSA enhanced mandatory minium sentence remained exactly the same. Moreover, Victor was well aware that the revisions made at the time of his plea subjected him to an enhanced statutory mandatory minimum twenty year sentence. The holding in *Dorsey* is therefore of no benefit to Victor. He was properly sentenced in accordance with the FSA.

Furthermore, even if Victor was not sentenced under the more lenient provisions of the FSA recognized in *Dorsey,* which is belied by the record, Victor has not shown that this alleged error had any impact on his sentence. To the contrary, Victor admitted that throughout the course of the conspiracy that he manufactured and distributed 4.5 kilograms of crack. This quantity of cocaine base exceeds both the old and new statutory threshold for application of the twenty year mandatory minimum. By his own admission as to quantity, the record therefore supports a finding that Victor's crime involved well over 280 grams of crack. Any error by the sentencing court in accepting the twenty year mandatory minimum was therefore harmless. Thus, Victor is entitled to no relief.

**REDACTED**

there is nothing in the record to suggest that the Court would have imposed a lesser sentence had it been permitted. Victor's Guidelines range was 30 years (360 months) to

life. The Court stated independent reasons for imposing a 240 month sentence, which was ten years below the applicable Guidelines range, including that Victor was responsible for 42 kilograms of crack, his lengthy criminal history which was mostly drug related and the fact that the government chose only to request enhancement on one such prior offense, that Victor was on parole at the time of the instant offense, and that he "was at the top of" and had run a "pretty involved drug organization", as well as the fact that Victor had additional charges pending at the time of sentencing. [rec. doc. 688, at pg. 37-39, 44-45]. Under similar circumstances, the Fifth Circuit has denied re-sentencing under *Dorsey*. *United States v. Bates*, 515 Fed. Appx. 265, 266, 2013 WL 703324, 265-266 (5th Cir. 2013) (rejecting a claim for re-sentencing in light of *Dorsey* where the trial court supported its 10 year sentence with reasons independent of any mandatory minimum); *see also United States v. Bennett*, 485 Fed. Appx. 673, 675 (5th Cir. 2012).

    Finally, the record demonstrates the sentencing court used the November 1, 2010 edition of the Guidelines Manual in conjunction with the Supplement to the 2010 Guidelines Manual containing the "emergency amendments", which incorporated the statutory reduction intended to reduce the ratio of crack cocaine to powder cocaine to an 18:1 ratio, to determine Victor's Guidelines range. Therefore, in essence, a reduction pursuant to the cocaine base retroactivity amendment was already applied by this Court at the time of Victor's original sentencing in this case. Thus, Victor has already received the benefit of the reduced crack-to-powder ratio enacted by the FSA; his Guidelines range would not be reduced upon re-sentencing.[5] As such, Victor has shown no prejudice as a

---

[5] Even if Victor's Guidelines range was based on his admitted involvement with 4.5 kilograms of cocaine base, the Guidelines range remains unchanged. His total offense level would be adjusted to 38, but

result of this Court's alleged error. *See United States v. Crandle*, 2013 WL 5460609, * 8 (M.D. La. 2013).

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, October 15, 2014.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

his criminal history category of V nevertheless results in the same 360 to life range.