# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  6:09-CR-00320-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MARTIN VICTOR, JR. (01)** | **MAG. JUDGE PATRICK J. HANNA** |

## ORDER and REASONS

Before the Court is a Motion for Home Confinement [ECF No. 1143] filed by Defendant Martin Victor, Jr. Pursuant to his motion, Victor cites to a May 12, 2020 Memorandum issued by the Bureau of Prisons ("BOP"), which states "it is imperative to review at-risk inmates for placement on Home Confinement" due to the COVID-19 pandemic. *Id.* Martin then states that he meets BOP's criteria for home confinement placement. [ECF No. 1143-1 at 1].

The BOP Memorandum cited and relied upon by Victor discusses eligibility for home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).[1] The CARES Act permits the BOP to increase the amount of time a prisoner may be placed in home confinement during the national emergency period caused by the COVID-19 pandemic. *Id.* at § 12003(a)(2), (b)(2). Nothing in the CARES act permits a court to assign an inmate to home confinement; rather, such a decision rests solely in the discretion of the BOP. *See United States v. Lang*, 835 Fed.Appx. 790, 792 n.5 (5th Cir. 2021) ("the plain language of the CARES Act does not grant a federal court the authority to make home

---

[1] In his reply brief, Victor states he seeks home confinement under "the Covid-19 Pandemic, not the Cares Act." [ECF No. 1150 at 1]. However, it is clear from Victor's briefing and the BOP Memorandum attached in support of the motion that Victor is seeking home confinement under the CARES Act. It is also clear that he is <u>not</u> seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (commonly referred to as "compassionate release"). *Id.*

confinement determinations"; rather, the Act "authorizes prison authorities to lengthen the maximum amount of time to place a prisoner in home confinement"); *see also United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("only the Bureau of Prisons has the actual authority to designate the place of incarceration").

Because the Court does not have the authority to grant the relief requested by Victor, the motion is DENIED.

THUS DONE in Chambers on this 14th day of April, 2021.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE